# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CAN'T LIVE WITHOUT IT, LLC d/b/a S'WELL BOTTLE,<br><br>       Plaintiff,<br><br>       v.<br><br>CLOSEOUT SURPLUS & SALVAGE, INC. d/b/a CSS, INC., TRADEMARK WASTE SOLUTIONS LLC, AUGIE EXPRESS, INC., ROBERT FALLAS, T. FARESE & SONS d/b/a DIRECT WASTE SERVICES, LINCOLN RECYCLING SERVICES, LLC, MICHAEL SPERDUTO, THE CLOSEOUT GUIDE INC., and JOHN DOES 1-5,<br><br>       Defendants. | Case No. 2:18-cv-14606-ES-MAH<br><br>**ORDER AND**<br>**FINAL JUDGMENT** |

**SALAS, DISTRICT JUDGE**

Before the Court is the Motion of Plaintiff Can't Live Without It, LLC d/b/a S'well Bottle ("Plaintiff"), on notice to Defendants Robert Fallas, Michael Sperduto, and The Closeout Guide Inc. (collectively, "Defaulting Defendants"), for entry of an Order granting default judgment in favor of Plaintiff and against Defaulting Defendants on all causes of action set forth in the Amended Complaint and issuing a permanent injunction. Having considered the Plaintiff's submission, and there being no opposition to the Motion, and for good cause shown,

IT IS, on this 9th day of April, 2021,

**ORDERED** that Plaintiff's Motion is GRANTED; and it is further

**ORDERED** that Plaintiff shall have, and the Court hereby directs entry of, a final judgment by default in the form of the issuance of a Permanent Injunction enjoining Defaulting Defendants, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defaulting Defendants, and all those in active concert and participation with Defaulting Defendants, and each of them who receives notice directly or otherwise of such injunction from:

1.      Importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any counterfeit goods, and any other products that tend to deceive, mislead, or confuse the public into believing that Defaulting Defendants' products in any way originate with, are sanctioned by, or are affiliated with Plaintiff;

2.      Imitating, copying, or making unauthorized use of "Plaintiff's Registered Marks"—namely, S'WELL (Stylized) (U.S. Reg. No. 4,234,092), S'WELL (U.S. Reg. No. 4,559,184), SWELL (U.S. Reg. No. 4,559,187), and Stylized Droplet Logo (U.S. Reg. No. 4,988,754)—other indicia of Plaintiff's line of S'WELL brand stainless steel reusable insulated bottles (the "S'well Bottles"), or any other trademarks used by or associated with Plaintiff;

1

3.      Importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's Registered Marks, other indicia of the S'well Bottles, or any other trademarks used by or associated with Plaintiff;

4.      Using Plaintiff's Registered Marks, other indicia of the S'well Bottles, or any other trademarks used by or associated with Plaintiff, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product in such fashion as to relate or connect, or tend to relate or connect, such product in any way to Plaintiff or to any goods sold, manufactured, sponsored, approved by or connected with Plaintiff;

5.      Using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any product imported, exported, manufactured, distributed or sold by Defaulting Defendants is in any manner associated or connected with Plaintiff, or is sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

6.      Engaging in any other activity constituting unfair competition with Plaintiff, or constituting infringement of Plaintiff's Registered Marks;

7.     Disposing of, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any physical evidence, products, components of products, or documents (including computer records) of any kind, including inventory, packaging, invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receipt, acquisition, importation, purchase, sale, offer for sale, and/or distribution of any merchandise bearing Plaintiff's Registered Marks, other indicia of the S'well Bottles, or any other trademarks used by or associated with Plaintiff, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof;

8.     Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Paragraphs 1 through 7 above; and

9.     Instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in Paragraphs 1 through 8 above; and it is further

**ORDERED** that there is no just reason for delay of enforcement of the judgment awarded herein, and a final judgment is hereby entered in favor of Plaintiff and against Defaulting Defendants Robert Fallas, Michael Sperduto and  The Closeout Guide Inc; and it is further

3

**ORDERED** that the Clerk of Court shall CLOSE the case.

_s/Esther Salas_
**Esther Salas, U.S.D.J.**